Thomas Olean
vs.           } No. 84857.
Louis Vallenova

June 10, 1931.

FROST, J. Heard on plaintiff's motion for new trial after verdict for defendant.

This is an action on book account to recover a balance of $250, alleged to be due the plaintiff from the defendant.

Defendant is a contractor, while plaintiff is a steamfitter who installed heating appliances and equipment in houses built by defendant.

To substantiate his claim, plaintiff produced a book on a single page of which is the account with Vallevona. The account covers the years 1928, 1929 and a portion of 1930. The records prior thereto, the plaintiff testified, were destroyed. The first item is a balance of $1,515 owing to the plaintiff. The account as a whole shows a balance of $250 due the plaintiff.

On January 5, 1929, the defendant was credited with a payment of $250 and defendant contended at the trial that with that payment the account was balanced. He pointed out that the records showing the items making up the initial sum of $1,515 had been destroyed and also that the page showed an erasure where the sum of $1,515 appears. Subsequently in the year 1929, work was done on Langdon street, Berkley street and Admiral street "jobs" and sundry payments were made therefor.

On January 11, 1930, Vallevona sustained an accident which laid him up nearly eight weeks and, according to the testimony, while he was still in the house the plaintiff went to him and obtained six notes for an aggregate of $400, which if paid would have closed the account. Vallevona testified that later he discovered that when the notes were given he owed Olean only $200. The notes were not paid and on July 31, 1930, at a conference at Vallevona's house the notes were destroyed. At the same time a check for $150 was given Olean which Vallevona testified was given to and accepted by Olean in full settlement of the latter's claim.

It was contended by the defendant that the giving up of the notes and the acceptance of a check for $150 indicated that Olean considered at the time that the account was settled. On the other hand, the plaintiff pointed out the significance of the fact that suit was instituted by Olean on August 5, five days after the conference, for the recovery of $250.

It is true that Courts give great weight to books regularly kept in the usual course of business but the Court in this case thinks that plaintiff's book containing the account with defendant is not entitled to such weight.

The case presented opportunities for divergent opinions. The jury saw the parties and heard them and had an opportunity to inspect the account book and the various exhibits introduced. The Court can not say that the verdict of the jury is against the evidence and the weight thereof. Indeed, upon a careful consideration of the entire case, the Court thinks that the verdict does substantial justice between the parties and plaintiff's motion is therefore denied.

For plaintiff: Fergus J. McOsker.

For defendant: Thomas L. Marcaccio.